# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY FINERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:14CV2054 RLW ) |
| SHERIE KORNEMAN,[1] | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Anthony Finerson for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

### I. Procedural History

Petitioner Anthony Finerson is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. On May 20, 2002, Petitioner pleaded guilty to two counts of second-degree statutory rape in the Circuit Court of St. Louis City, Missouri, case number 22011-01573-01. (Resp't's Ex. F p. 3, ECF No. 16-6) On March 20, 2003, the court sentenced Petitioner to concurrent terms of four years. (*Id.* at p. 4) Petitioner completed his sentence in 2005. As part of his sentence, Petitioner Finerson is required to register as a sex offender. (Resp't's Ex. C, ECF No. 16-3)

---

[1] Sherie Korneman is now the warden of Western Missouri Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Sherie Korneman's name shall be substituted for Heath Spackler, the former warden. Future pleadings shall reflect this change in the caption.

In January 2013, Petitioner was charged in the Circuit Court of St. Louis County, Missouri with four counts of failure to register as a sex offender, case number 13SL-CR01847-01. (Pet'r's Ex. 1 pp. 2-3, ECF No. 1-1) On June 11, 2013, Petitioner pleaded guilty to two counts of second degree statutory rape and one count of enticement of a child in the Circuit Court of St. Louis County, Missouri, case number 10SL-CR05014-01. (Resp't's Ex. B p. 8, ECF No. 16-2) He was sentenced on October 28, 2013 as a prior and persistent offender to concurrent terms of 7 years' imprisonment on each count of statutory rape and 10 years' imprisonment on the enticement charge. (*Id.*) On June 13, 2014, pursuant to Petitioner's plea of guilty in case number 13SL-CR01847-01, the Circuit Court of St. Louis County sentenced Petitioner to 4 years' imprisonment on each count of failure to register as a sex offender, to run concurrent with all 4 counts, the sentence in case number 10SL-CR05014-01, and all federal sentences. (Pet'r's Ex. 1 pp. 2-6) Petitioner Finerson is presently serving these sentences.

Petitioner does not challenge the 2013 and 2014 sentences he is now serving. Instead, he challenges 2003 conviction and sentence in St. Louis City, case number 22011-01573-01, and specifically the requirement that he register as a sex offender. Petitioner did not appeal his conviction and sentence or file a motion for post-conviction relief with respect to his 2003 conviction. However, on February 26, 2014, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of St. Francois County, Missouri, case number 14SF-CC00042. (Resp't's Ex. A, ECF No. 16-1) The circuit court denied Petitioner's petition seeking to vacate his St. Louis City convictions on August 7, 2014. (Resp't's Ex. C, ECF No. 16-3) The court specifically found that Rule 91 habeas relief was not available to Petitioner because he was challenging convictions that expired in 2005, not his current confinement. (*Id.* at p. 2) Petitioner then filed a petition for a writ of habeas corpus in the Missouri Court of Appeals Western

District, and on September 17, 2014, the Missouri Court of Appeals denied the Petition. (Resp't's Exs. D and E, ECF Nos. 16-4, 16-5)

On November 24, 2014, Petitioner filed the present petition for habeas relief in federal court. (ECF No. 1) Petitioner alleges three grounds in his petition: (1) trial counsel was ineffective for failing to advise Petitioner of the collateral consequences of his guilty plea, namely that he had to comply with amendments to the registration statute, Mo. Rev. Stat. § 589.407; (2) Petitioner's guilty plea was involuntary because counsel failed to inform Petitioner that by pleading guilty he waived the right to the prohibition against *ex post facto* sex offender registration laws; and (3) Missouri's sex offender registration laws, Mo. Rev. Stat. §§ 589.400, *et seq.*, and the federal registration statute, 42 U.S.C. § 16901, *et seq.*, violate the Commerce Clause and the right to interstate travel. Each of these grounds pertains to Petitioner's 2003 conviction and sentence in the Circuit Court of St. Louis City, case number 22011-01573-01.

## II. Discussion

Respondent asserts that Petitioner's habeas Petition should be denied because Petitioner failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Here, the record shows, and Petitioner does not dispute, that Petitioner is challenging his 2003 conviction and sentence in St. Louis City. He raises claims of ineffective assistance of counsel, involuntariness of his guilty plea, and the unconstitutionality of the sex offender statutes, which prevent him from interstate travel. (Pet'r's Response to Resp't's Show Cause, ECF No. 21) Because over ten years have passed between the expiration date for Petitioner to appeal his 2003 conviction and the date he filed the present Petition for habeas relief, the AEDPA's statute of limitations bars review of Petitioner's habeas Petition. *Bear*, 650 F.3d at 1122. Further, this period is not subject to statutory tolling, as Petitioner filed his Rule 91 Habeas Petition in state court in 2014, well after the one-year limitations period expired. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002) (finding Rule 91 proceeding did not toll the statute of limitations in § 2244(d)(1) where petitioner did not file his Rule 91 petition until after the one-year limitations period expired).

Finally, the Court notes that Petitioner has failed to demonstrate that equitable tolling would be appropriate. Under the doctrine of equitable tolling, § 2244(d)'s statutory limitations period may be tolled if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal citation and quotation marks omitted)). "In this circuit 'equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition' or where the 'conduct of the defendant has lulled the plaintiff into inaction.'" *Id.* (quoting *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001) (internal quotation marks omitted)). Here, Petitioner asserts that he continues to suffer the collateral consequences of his expired sentence that were not known

during the time limitation period. (Pet'r's Response Ex. 1 p. 1, ECF No. 21-1) The Court finds that Petitioner has not demonstrated an extraordinary circumstance beyond Petitioner's control which made it impossible for him to file a timely petition, and he has failed to point to any conduct that could have lulled him into inaction. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). Further, Petitioner did not pursue his rights diligently, as he waited over ten years to file his federal habeas petition. The Court finds that equitable tolling is not justified in this case. Thus, the Court is barred from reviewing the untimely petition on the merits, and the Court will therefore dismiss the petition. *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001).

### III. Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds, [Petitioner] must demonstrate both 'that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court finds that Petitioner's federal habeas petition is clearly time-barred under the ADEPA, and no reasonable jurist could find the petition was timely filed. Therefore, no certificate of appealibility will issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Anthony Finerson for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. A separate judgment in accordance with this Memorandum and Order is entered on this same date.

Dated this 14th day of February, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**